FILED

2018 SEP 26 PM 2: 37

UNITED STATES DISTRICT COURT FOR THE
FLORIDA MIDDLE DISTRICT

DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| CRAIG CUNNINGHAM,<br>Plaintiff,<br><br>v.<br><br>Big Publications, LLC, On Time Enterprises,<br>Inc, Gustavo Gonzalez, Big Publications NV,<br>LLC<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 6:18-cv-01535-RBD-TBS |
|---|---|---|

## Plaintiff's Amended Complaint

### Parties

1. The Plaintiff is Craig Cunningham and natural person and can be served at 3000 Custer Road, ste 270-206 Plano, Tx 75075

2. On Time Enterprises, Inc., is a Florida corporation operating from 20871 Johnson Street, ste 102, Pembroke Pines, FL 33029 with a registered agent of Safety Business LLC, 6220 S. Orange Blossom Trail, ste 604, Orlando, FL 32809.

3. Big Publications, LLC is a Florida corporation operating from 20871 Johnson Street, Ste 102, Hollywood, FL 33029 with a registered agent of Brian Kopelowitz, 200 SW 1st Ave., 12th Floor, Fort Lauderdale, FL 33301

4. Big Publications NV, LLC 20871 Johnson Street, #102 Hollywood FL with a registerd agent of Brian Kopelowitz, 200 SW 1st Ave., 12th Floor, Fort Lauderdale, FL 33301

5. Gustavo Gonzalez is a natural person who can be served at 20871 JOHNSON STREET

#102, HOLLYWOOD, FL 33029

6. John/Jane Does are currently unknown persons or entities also liable for calls in this case.

## JURISDICTION AND VENUE

7. **Jurisdiction.** This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8. **Personal Jurisdiction.** This Court has general personal jurisdiction over the defendants because the defendants are incorporated here in Florida and regularly do business in Florida.

9. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims occurred in this District and because the Defendants reside in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

12. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

13. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

14. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

15. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

16. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

17. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

18. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A]

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

19. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

20. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

21. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

22. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-

10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

23. The Plaintiff recieved multiple calls pitching the Vaporize expo in Miami to his cell phone 615-212-9191 on 8/5/2015 from 954-435-4553, on 7/15/2015 from 954-435-4553, 9/10/2015, on 8/7/2015 from 954-435-4553, from 954-435-4553 and 303-353-0463 on 3/15/2016.

24. The Vaporize Expo is a trade show that is apparently produced by On Time Enterprises and is marketed by Big Publications or Big Publications, NV LLC all at the direction and for the benefit of Gustavo Gonzalez.

25. The calls contained a pre-recorded message that stated *"Vaporize expo presented by Big industry show is calling to invite you to the most comprehensive vape wholesale business event of the year featuring the newest and most innovative vape products in the industry. 3 shows all under one roof where you'll find smoke, vape, and glass products and wholesale pricing. Two days of solid business on Sep 29th and 30th at the Miami Beach convention center in sunny Miami Florida. Download our app in the app store and create a profile for your chance to win a free apple watch. We'll be having a 4/20 day giveaway and offering hotel deals for just $75 per night minutes*

*away from the show and the famous Miami beach. Visit Vaporizexpo.com for more details or call us at 877-484-3301 for information on how to recieve your free hotel stay for Vaporizexpo Miami"*

26. The calls were initiated using an automated telephone dialing system as there was a lengthy pause and audible tone before the pre-recorded message started.

27. The Plaintiff never consented to being called using an automated telephone dialing system or pre-recorded message and the calls were unrelated to any emergency purpose.

28. The number 615-212-9191 is the Plaintiff's residential phone number and is used for personal, family, and household use. The calls were placed without the defendants maintaining an internal do-not-call list, and no agents were trained on the use of an internal do-not call list in violation of 47 CFR 64.1200(d).

**Gustavo Gonzalez's Control over the corporate defendants Including its Illegal Robocalling and Telemarketing**

29. At all times relevant to the claims alleged herein, Gustavo Gonzalez was the corporate officer for all corporate entities.

30. Gustavo was aware that his corporations were sending automated, telemarketing text messages en masse to people, including Plaintiff, who had not requested to be contacted by his corporations

31. As the senior-most executive, Gustavo had the power to stop these dialing campaigns.

32. As the corporation's senior-most executive, Gustavo had the power to fire the managers and employees taking part of the day-to-day operations of these illegal

robocalling operations.

33. Instead, Gustavo directed and allowed the calls to continue and the responsible managers to keep their jobs—despite his knowledge that the campaigns were illegal.

**Violations of TCPA Telemarketing regulations**

34. Charvat v NMP, LLC 6th 656 F. 3d 440 (6th Cir 2011) establishes that violating the telemarketing regulations of 47 CFR 64.1200(d) constitutes an violation of 47 USC 227(c)(5).

35. The Defendants violated 47 CFR 64.1200(d)(1) by placing telemarketing calls to the Plaintiff without having a written policy for maintaining an internal do not call list. The Plaintiff called Big publications at 1-877-484-3301 and the representative stated that they did not have a written policy for maintaing an internal do not call policy.

36. The Defendants violated 47 CFR 64.1200(d)(2) by placing telemarketing calls to the Plaintiff without training their employees or informing them on the use of an internal do-not-call policy as they never had a written policy according to the agent the Plaintiff spoke with.

37. The Defendants violated 47 CFR 64.1200(d)(4) by placing telemarketing calls without identifying the seller or the party placing the calls by name, telephone number, or addres where the entity may be contacted. The pre-recorded message in each and every call lacked any sort of identifying information.

38. By violating 47 CFR 64.1200(d)(4), the defendants violated 47 USC 227(c)(5) and the Plaintiff alleges that each violation was willful and knowing.

## I. FIRST CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))

### (Against All Defendants)

1. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs. Factual allegations in paragraph 23-38 pertain to the Plaintiff's first claim for relief.

2. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent.

3. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5. Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

## (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))

## (Against All Defendants)

6. Mr. Cunningham makes factual allegations in paragraphs 34-38 that the Defendants violated 47 CFR 64.1200(d) and 47 USC 227(c)(5). Paragraphs 23-28 fo the factual allegations also support the Plaintiff's second claim for relief.

7. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

    a.    a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1);[2]

    b.    training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3] and,

    c.    in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

8. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

9. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

10. Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and AFS's name in the solicitations.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig Cunningham prays for judgment against the defendants jointly and severally as follows:

A.   Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.   A declaration that actions complained of herein by Defendants violate the TCPA ;

C.   An order enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.   An award of $12,000 in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for 4 calls.

E.   An award to Mr. Cunningham of damages, as allowed by law under the TCPA;

F.   An award to Mr. Cunningham of interest, costs and attorneys' fees, as allowed by law and equity

G.   Such further relief as the Court deems necessary, just, and proper.

*[signature]*
Craig Cunningham
Plaintiff,

Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075

9/26/2018

## UNITED STATES DISTRICT COURT FOR THE
## FLORIDA MIDDLE DISTRICT

| CRAIG CUNNINGHAM, Plaintiff, <br><br> v. <br><br> Big Publications, LLC, On Time Enterprises, Inc, Gustavo Gonzalez, Big Publications NV, LLC <br> **Defendant** | § § § § § § § § § | 6:18-cv-01535-RBD-TBS |
|---|---|---|

**Plaintiff's Certificate of Service**

I hereby certify that on 9/26/2018 the Plaintiff mailed a true copy of the foregoing to the defendants via USPS first class mail

*Craig Cunningham*
Plaintiff,

Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075

9/26/2018